UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROLAND HUBBARD,

       Petitioner,

                              Case No. 15-cv-13642

v.

                              HON. MARK A. GOLDSMITH

STEVEN RIVARD,

       Respondent.

_____/

**OPINION & ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN
FORMA PAUPERIS ON APPEAL**

Petitioner Roland Hubbard, presently confined as the Oaks Correctional Facility in Manistee, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), challenging the validity of his sentences. Petitioner pled no contest in the Oakland County Circuit Court to carjacking, Mich. Comp. Laws § 750.529a; armed robbery, Mich. Comp. Laws § 750.529; and third-degree fleeing and eluding, Mich. Comp. Laws § 257.602(a)(3). In 2014, Petitioner was sentenced to two concurrent terms of 16 to 40 years' imprisonment for the first two counts, and a concurrent term of two to five years' imprisonment on the third count. In his pleadings, Petitioner raises claims concerning the effectiveness of counsel at sentencing, as well as the imposition of attorneys' fees and restitution at sentencing.

For the reasons stated below, the Court denies the petition for writ of habeas corpus, declines to issue a certificate of appealability, and denies Petitioner leave to proceed in forma pauperis on appeal.

**I. BACKGROUND**

Petitioner's convictions arise from his and an accomplice's armed carjacking of a custodian in a high school parking lot in Birmingham, Michigan around 5:00 a.m. on November 12, 2013. At the preliminary examination, the victim testified that one of the men shot a gun in the air during the incident, and that they took his phone and drove away in his car.

Police responded to the incident and observed the stolen car entering a freeway. They attempted to pull over the car, but the car continued at high speed, exited the freeway, and drove through residential streets until it crashed into other vehicles. The driver — who was Petitioner — and the passenger both fled. With the assistance of a K9 unit, the police tracked Petitioner to a house and found him hiding in a closet. The police also recovered a weapon from an area where the passenger had fled. Petitioner was charged with carjacking, armed robbery, third-degree fleeing and eluding, and three counts of felony firearm.

Petitioner tendered his plea on April 28, 2014. As part of that plea, the prosecutor agreed to dismiss the three felony-firearm charges in exchange for Petitioner's no-contest plea to the other charges. Pursuant to People v. Cobbs, 505 N.W.2d 208 (Mich. 1993), the plea included an agreement that Petitioner's minimum sentence would not exceed the middle of the guideline range, which was estimated to be 16 years' imprisonment. The police report and the preliminary examination testimony provided the factual basis for the plea.

The trial court conducted a sentence hearing on May 27, 2014. The probation department scored the sentencing guidelines for the minimum sentence on the carjacking conviction at 14 years and three months to 23 years and nine months imprisonment, and the pre-sentence report recommended a sentence of 16 to 40 years' imprisonment. Defense counsel acknowledged that the recommendation was consistent with the plea agreement and asked to court to follow the Cobbs agreement and recommendation.

Defense counsel further noted the following: (i) Petitioner did not deny his involvement in the crime; (ii) Petitioner did not have any contact with the victim himself; (iii) Petitioner drove the stolen car dangerously, but no one was hurt; (iv) Petitioner is a young man who has had a tough life; and (v) Petitioner has family support and is intelligent enough to better himself in the future. Petitioner also spoke on his own behalf and apologized for his actions. The trial court sentenced Petitioner to concurrent terms of 16 to 40 years' imprisonment on the carjacking and armed robbery convictions, and a concurrent term of two to five years' imprisonment on the fleeing and eluding conviction.

Following his plea and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, raising several sentencing claims and ineffective assistance of counsel claims, including those presented on habeas review. The court denied leave to appeal "for lack of merit in the grounds presented." People v. Hubbard, No. 324475 (Mich. Ct. App. Dec. 29, 2014) (Dkt. 9-6). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. People v. Hubbard, 864 N.W.2d 572 (Mich. 2015).

Petitioner thereafter filed his federal habeas petition, raising the following three claims:

i. "Ineffective assistance of [trial] counsel in failing to challenge [the] disproportionate sentence."

ii. "The trial court violated constitutional law [by] ordering payment of attorney fees and restitution."

iii. "Trial counsel was ineffective in failing to accurately score [the] sentencing guidelines, and [for failing to] seek[ ] a shorter minimum prison term."

Pet. at 6, 7, 9. Respondent has filed an answer (Dkt. 8), contending that the petition should be denied for lack of merit.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the

doubt." Renico v. Lett, 559 U.S. 766, 773 (2010). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102. Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Habeas relief is not appropriate unless each ground that supported the state-court's decision is examined and found to be unreasonable under the AEDPA. See Wetzel v. Lambert, 132 S. Ct. 1195, 1199 (2012).

"If this standard is difficult to meet, that is because it was meant to be." Harrington, 562 U.S. at 102. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, § 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Id. Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." Woodford v. Viscotti, 537 U.S. 19, 24 (2002). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any

possibility for fairminded disagreement." Harrington, 131 S. Ct. at 786-787.

A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. Id.; Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

## III. ANALYSIS

### A. Claims One and Three: Ineffective Assistance of Counsel at Sentencing

Petitioner asserts that he is entitled to habeas relief because defense counsel was ineffective at sentencing. Specifically, he alleges that defense counsel failed to argue that his sentence was disproportionate, failed to accurately score/challenge the scoring of Offense Variables 13 and 19 of the Michigan Sentencing Guidelines, and failed to seek a shorter term of imprisonment. Respondent contends that these claims lack merit.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. Id. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. Id.

To satisfy the performance prong, a petitioner must identify acts that were "outside the

wide range of professionally competent assistance." Id. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. Id. at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. Id. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Id. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Harrington, 562 U.S. at 105. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

In this case, Petitioner fails to establish that trial counsel erred, and that he was prejudiced by counsel's conduct at sentencing. First, with respect to Petitioner's claims concerning the proportionality of his sentence and the scoring of the offense variables of the state sentencing

guidelines, those underlying sentencing claims were raised on direct appeal and the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds" presented. The Michigan Court of Appeals' determination that the underlying sentencing issues lack merit is binding on this Court on habeas review. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); see also Mullaney v. Wilbur, 421 U.S. 684, 691 (1975) (state courts are the final arbiters of state law). Consequently, Petitioner cannot establish either that trial counsel erred or that he was prejudiced by counsel's conduct. Defense counsel cannot be deemed ineffective for failing to make a futile or meritless objection. See Coley v. Bagley, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.").

Second, with respect to Petitioner's claim concerning mitigation evidence and requesting a shorter term of imprisonment, counsel may have reasonably decided that such efforts would be futile, given that the sentencing recommendation complied with the Cobbs agreement and the plea agreement already spared Petitioner an additional two-year consecutive sentence (on the dismissed felony firearm charges) and the possibility of a life sentence (on the carjacking and armed robbery convictions). To be sure, a defendant who consents to a sentence in a plea agreement and receives the sentence that he bargained for generally waives the right to challenge the sentence on appeal or collateral review. See United States v. Livingston, 1 F.3d 723, 725 (8th Cir. 1993); Winston v. Berghuis, No. 12-CV-14475, 2016 WL 6873390, *2 (E.D. Mich. Nov. 22, 2016) (citing cases and denying habeas relief on sentencing claims where petitioner was given agreed-upon sentence); Thomas v. Berghuis, No. 14-CV-13501, 2016 WL 3197584, *2 (E.D. Mich. June 9, 2016) (same); see also United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) (alleged Booker error in

8

scoring sentencing guidelines was irrelevant where defendant agreed to specific sentence; his sentence arose from the plea, not the guidelines). Moreover, the record indicates that defense counsel wanted to ensure that the trial court accepted the plea bargain and honored the Cobbs agreement, which were favorable for Petitioner, and did not invalidate the plea. Counsel's conduct was reasonable under the circumstances.

Petitioner also fails to show that he was prejudiced by counsel's conduct in this regard. His belief that mitigation evidence or further argument, other than that which was already offered by counsel and the pre-sentence report, would have resulted in a lesser sentence is speculative at best. In the context of presenting mitigating evidence at sentencing, there is an insufficient showing of prejudice, so as to establish an ineffective assistance of counsel claim, where "one is left with pure speculation on whether the outcome of the trial or the penalty phase could have been any different." Slaughter v. Parker, 450 F.3d 224, 234 (6th Cir. 2006) (quoting Baze v. Parker, 371 F.3d 310, 322 (6th Cir. 2004)). Such is the case here. Thus, Petitioner fails to establish that defense counsel was ineffective at sentencing under the Strickland standard. Habeas relief is not warranted on these claims.

**B. Claim Two: Payment of Attorneys' Fees and Restitution**

Petitioner also asserts that he is entitled to habeas relief because the trial court violated his constitutional rights by requiring the payment of attorneys' fees and restitution as part of his sentence. Respondent contends that this claim is not cognizable upon federal habeas review. The Court agrees with Respondent.

The traditional purpose of the writ of habeas corpus is to obtain release from unlawful confinement. Wilkinson v. Dotson, 544 U.S. 74, 79 (2005). "In general, fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in

custody' requirement of a cognizable habeas claim" Washington v. McQuiggin, 529 F. App'x 766, 773 (6th Cir. 2013); Michaels v. Hackel, 491 F. App'x 670, 671 (6th Cir. 2012). The Sixth Circuit has explained that a restitution order "falls outside . . . the margins of habeas . . . because it is not a serious restraint on . . . liberty as to warrant habeas relief." Washington, 529 F. App'x at 773. When a petition raises a challenge to a restitution order, a district court must dismiss that portion of the petition for lack of subject matter jurisdiction. Id. Petitioner's claim challenging the state trial court's imposition of attorneys' fees and restitution is thus not cognizable upon habeas review. Habeas relief is not warranted on this claim.

### C. Certificate of Appealability and Leave to Proceed In Forma Pauperis on Appeal

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case.

The Court also denies Petitioner leave to appeal in forma pauperis, because any appeal would be frivolous and not in good faith. See, e.g., Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002); Fed. R. App. P. 24(a).

### IV. CONCLUSION

For the reasons stated above, the Court denies the petition (Dkt. 1), denies a certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: July 17, 2017  
       Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 17, 2017.

s/Karri Sandusky  
Case Manager